IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD PAGE                                    *
                Plaintiff,

      v.                                      *   CIVIL ACTION NO. CCB-16-3955

ALLEGHANY COUNTY COURT OF            *
  COMMON PLEAS FAMILY DIVISION
JUDGE DANIEL D. REGAN                      *
             Defendants.

                              *****

## **MEMORANDUM**

On December 9, 2016, Richard Page, a resident of Baltimore, Maryland, filed this self-represented, in forma pauperis case seeking $1,000,000.00 in damages.  He invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983, alleging that defendants, the Alleghany County Court of Common Pleas-Family Division in Pennsylvania and one of its judges, Daniel D. Regan, violated his Fifth and Fourteenth Amendment rights.  ECF No. 1.  Page seemingly takes issue with Judge Regan's decisions in a family matter which: (1) allowed testimony of another party, in spite of that party's violation of procedural rules; (2) ignored verbal declarations and cited case law "supported by written statements and declaratory assertion of constitutional rights;" (3) issued court orders which placed restrictions on Page's  "liberty" and "constitutional rights;"  (4) disregarded Page's rights under the Constitution and the Commonwealth of Pennsylvania; (5) barred Page from filing self-represented motions; (6) made prejudicial remarks regarding Page's background; (7) entered court orders after trial with the "intent to delay justice;" and (8) issued decisions which presume that Page is unstable and an unfit parent, without affording him a parental fitness hearing.  *Id*., pp. 6-7.

The indigency application shows that Page receives $786.00 in monthly disability income; maintains a $49.00 balance in financial institutions; has ownership of a mobile home and vehicle with a nominal fair market value; is responsible for the support of his ten-year old daughter; and has monthly expenses of $788.00.  ECF No. 2.  The court will grant Page's indigency application.

For venue to be proper in this district, the case must fall within one of the three venue categories described in 28 U.S.C. § 1391(b).  Under Title 28 U.S.C. § 1391(b), a civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue is not appropriate in this district under § 1391(b).  None of the defendants resides in Maryland.  Moreover, no part of the events giving rise to Page's claims occurred in this district. When a case is filed in an improper venue, the court for that district "shall dismiss, or it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a) ( "§ 1406(a)").  It would not be in the interests of justice to transfer the case to another federal court as Page's § 1983 complaint against the named defendants is likely subject to dismissal.[1]

---

[1]      Judge Regan is immune from liability.  *See Mireles v. Waco,* 502 U.S. 9, 9–10 (1991) (per curiam) *Chu v. Griffith,* 771 F.2d 79, 81 (4th Cir. 1985).  Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority.  *See Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978).  Essentially, a judge is entitled to absolute immunity if the judge acted in his

Page's in forma pauperis motion shall be granted.  His complaint shall, however, be dismissed without prejudice for improper venue.


Date: <u>December 20, 2016</u>                      <u>            /S/                        </u>
          Date                                                  Catherine C. Blake
                                                                United States District Judge

---

judicial capacity and had jurisdiction over the subject matter.  *See King v. Myers,* 973 F.2d 354, 356–57 (4th Cir. 1992).  Judge Regan is entitled to such immunity for his judicial actions taken in the family matter.

Moreover, only a "person" can be held liable under § 1983.  A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.").  The Alleghany County Court of Common Pleas-Family Division is not a person amenable to suit under § 1983.